Filed 2/26/14  P. v. Denny CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT G. DENNY,<br><br>    Defendant and Appellant. | B249241<br><br>(Los Angeles County<br>Super. Ct. No. BA315306) |

APPEAL from an order of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

—————

California Appellate Project, Jonathan B. Steiner and Kathleen C. Caverly, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This is an appeal from the denial of a petition for recall of sentence pursuant to Penal Code section 1170.126.[1]  According to the declaration filed in support of the petition, defendant Robert G. Denny III was sentenced on October 29, 2007, to an indeterminate sentence of 25 years to life for attempted second-degree robbery. The superior court denied Denny's petition with prejudice on the ground that relief under section 1170.126 is not available to defendants serving sentences for convictions of serious or violent felonies within the meaning of subdivision (c) of section 1192.7. Denny timely appealed.

We appointed counsel to represent Denny on appeal.  After examination of the record, counsel filed an opening brief raising no issues and asking us independently to review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  We have examined the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 119, 124.)  Under subdivision (c)(19) of section 1192.7, robbery is a serious or violent felony.  Under subdivision (c)(39) of section 1192.7, "any attempt to commit a crime listed in this subdivision other than an assault" is a serious or violent felony. Attempted second-degree robbery is therefore a serious or violent felony within the meaning of subdivision (c) of section 1192.7.  Defendants serving sentences for convictions of felonies defined as serious or violent felonies by subdivision (c) of section 1192.7 are not eligible for recall of sentence under section 1170.126.  (See, e.g., § 1170.126, subds. (b), (e)(1).)  Denny's petition was therefore properly denied.

We advised Denny of his right to submit any contentions or issues that he wished us to consider, and he timely filed a supplemental brief.  We conclude that he has not presented a meritorious argument for reversal of the trial court's order.  Denny argues that his sentence is grossly disproportionate to the crime for which it was imposed, given the facts of his case.  That argument does not, however, address the strict statutory limits that the Legislature placed on a petition for recall of sentence under section 1170.126,

---

[1]     All subsequent statutory references are to the Penal Code.

which the superior court correctly applied.  Denny also argues that section 1170.126 expressly provides that it is not "intended to diminish or abrogate any rights or remedies otherwise available to the defendant."  (§ 1170.126, subd. (k).)  That is correct, but it does not mean that such rights may be exercised or such remedies pursued on a petition for recall of sentence under section 1170.126.  Denny is ineligible for relief under section 1170.126, so his petition for recall of sentence under that statute was correctly denied.

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

ROTHSCHILD, Acting P. J.

We concur:

CHANEY, J.

JOHNSON, J.

3